Kevin LEE; Jeniffer Lee; Nature's Gem, Inc., Plaintiffs—Appellants,

v.

GNC FRANCHISING, INC; General Nutrition Corporation; General Nutrition Distribution; General Nutrition Companies, Inc.; Royal Numico, N.V.; Michael Meyers; Russell Cooper, Defendants—Appellees.

No. 02–56377.
D.C. No. CV–00–13550–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2003.

Decided July 22, 2003.

Before KOZINSKI, FERNANDEZ, and RYMER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

General Nutrition Center franchisees Kevin Lee, Jeniffer Lee, and Nature's Gem, Inc. (collectively, the Lees) appeal the summary judgment in favor of General Nutrition Center and its affiliate companies (GNC). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

The district court properly upheld the Pennsylvania choice-of-law provisions contained in the Lees' renewal franchise agreements. Neither statute nor public policy is to the contrary; the releases do not affect the Lees' CFIL claims.

The general releases contained in the renewal agreements bar the Lees' non-CFIL claims against GNC. The 1999 Westside release is not overly broad, and the Lees fail to raise a genuine issue of material fact that it was fraudulently induced. Even assuming the representations upon which they rely are more than predictions of what the future may hold, the evidence fails to suggest that GNC never intended to perform.

Regardless of whether the original franchise agreements are contracts of adhesion, the release-for-renewal requirements cannot have been contrary to the Lees' reasonable expectations, nor are the terms so unconscionable as to be unenforceable. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 113–14, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000). Adequate notice and opportunity for review were given. As the releases did not purport to absolve GNC of future liability for fraud and other intentional wrongs, Cal. Civ.Code § 1668 is inapplicable. *See, e.g., Farnham v. Superior Court,*

of this circuit except as provided by Ninth Circuit Rule 36–3.

60 Cal.App.4th 69, 71, 70 Cal.Rptr.2d 85 (1997) (noting, in context of § 1668—based challenge to release, that "contractual releases of future liability for fraud and other intentional wrongs are invariably invalidated"); *see also McQuirk v. Donnelley,* 189 F.3d 793, 796–98 (9th Cir.1999). For all these reasons their argument that their RICO claims should be treated differently also fails.

As there is no substantial evidence indicating that GNC willfully made untrue statements or omissions in its pre-franchise disclosures with respect to territory, earning capacity, or wholesale pricing, the Lees' CFIL claims fail as well.

■ However, we agree with the Lees that the 2002 South Bay release unambiguously applies only to the South Bay store. The plain language of the 2002 release limits its effect to the "Franchisee's GNC Franchise and store," defined in the agreement as the South Bay store. This contrasts with the 1999 release that by its terms applied to "any and all franchise locations" owned by the Lees. Given the clear text, the standard clause that all references in the agreement to the singular are construed to include the plural does not create ambiguity. Neither does the fact that the Lees signed individually. In the absence of ambiguity, the "Estoppel Letter" has no relevance. Accordingly, the 2002 release does not bar claims brought with respect to the Westside store.

Because we reverse the judgment with respect to the scope of the 2002 release, we must also vacate the award of attorneys' fees. The case is remanded for further proceedings. Each party shall bear its own costs. Fed. R.App. P. 39(a)(4).

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and REMANDED for further proceedings.